■ In the Matter of WELTON BECKET ASSOCIATES et al., Appellants, et al., Petitioner, v LLJV DEVELOPMENT CORP. et al., Respondents. [597 NYS2d 398] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered February 7, 1992, which denied petitioners' motion to disqualify respondents' attorneys, unanimously affirmed, with costs.

We agree with the IAS Court that the law firm representing respondents should not be disqualified, the firm having obtained Ellerbe Becket's clearly informed consent to its simultaneous representation of Ellerbe Becket and respondents in two unrelated matters by different attorneys working out of different offices in different cities *(see,* Code of Professional Responsibility DR 5-105 [C] [22 NYCRR 1200.24 [c]; *Unified Sewerage Agency v Jelco Inc.,* 646 F2d 1339). We also take note of the considerable time the firm has spent in representing respondents in comparison to the time spent in representing Ellerbe Becket. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.